# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE C. LATRONICA,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION,<br><br>    Respondent. | Case No. 1:16-cv-01349-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITION FOR WRIT OF MANDAMUS |

Petitioner is proceeding pro se with a petition for writs of habeas corpus and mandamus. (ECF No. 1). Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 2).

**I.**

**DISCUSSION**

**A. Habeas Corpus**

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

petitioner is not entitled to relief in the district court." The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Although Petitioner claims that she was given the death penalty without due process in the 1970s, Petitioner is not in state or federal custody. Rather, Petitioner alleges that she "was stolen as a baby and switched and traded all these years and she's still not in her body." (ECF No. 1 at 2).[2] Additionally, Petitioner's address of record is a residential address in Modesto, California. Given that Petitioner is not "in custody" as recognized under the federal habeas statute, this Court lacks jurisdiction. Accordingly, to the extent Petitioner is seeking a writ of habeas corpus, the petition should be dismissed.

**B. Mandamus**

Petitioner also seeks a writ of mandamus. The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Ninth Circuit has held:

> Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.

Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986) (internal quotation and citations omitted). The Supreme Court has "repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations," Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988), and "mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    Here, Petitioner alleges that "Merill Lynch is the Slave Trade, Tangible, Intangible, Water Assets, General Intangibles and or Tangibles, Movables (other people's bodies)." (ECF No. 1 at 2). Petitioner further alleges that she has "been tortured in other peoples [*sic*] destroyed bodies" and that she "has been tortured and deprived of her life . . . since the age of infancy . . . and now she is 45 going on 46." (Id. at 5, 7). Petitioner claims that although she was briefly in her own body in Contra Costa County in 2012, "the person detaining her body still hasn't stopped obviously, instead subject[ing] her to continue[d] control, ruin and torture, stealing and depriving her life and still subjecting her to life deprivation and torture in other people's bodies." (Id. at 5). Petitioner "applies to the Fresno U.S. District Court for remedy and to Appeal an unauthorized death penalty that has plagued [Petitioner's] entire life as mentioned ***([Petitioner] is NOT in her body), her identity, her life, her existence.***" (Id. at 7). Petitioner's claim is not clear and certain, Petitioner has failed to allege a clear nondiscretionary duty, and her allegations are largely incoherent and palpably incredible. Accordingly, Petitioner is not entitled to mandamus relief.

## II.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;

2. The petition for writ of mandamus is DENIED; and

3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **September 20, 2016**

UNITED STATES MAGISTRATE JUDGE